SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 04-1073-PCT-DGC |
| Plaintiff, | No. CV 07-8162-PCT-DGC (ECV) |
| v. | **ORDER** |
| Eric John Meisner, | |
| Defendant/Movant. | |

Movant Eric John Meisner, who was then-confined in FCI Fairton, in Fairton, New Jersey, filed a *pro se* "Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody," which the Court dismissed as premature because his direct criminal appeal was then, and remains, pending.[1]  (Doc. 2.)[2]  The Court subsequently denied various miscellaneous motions.  (Doc. 5-7, 8-9, 10.)  Movant filed a notice of appeal from the denial of those motions in the Ninth Circuit Court of Appeals, No. 08-17724.  (Doc. 11.)  On December 18, 2009, the Ninth Circuit dismissed the appeal pursuant to Movant's motion for voluntary dismissal of the appeal.  Meisner, No. 08-17724 (9th Cir. Dec. 18, 2009) (Order granting appellant's motion to dismiss appeal).

On March 25, 2011, Movant filed a document in this case captioned as "Addendum to the Writ of Habeas Corpus Pursuant to Rule 60(b)(4) and Motion to Recuse Pursuant to

---

[1] Briefing of Movant's appeal has been delayed by multiple changes of appellate counsel.

[2] "Crim. Doc." refers to the docket number of filings in the criminal case. "Doc." refers to the docket number of filings in the civil case.

1 Supreme Law and 28 U.S.C. § 455 and Declaratory Relief Pursuant to Rule 57 and 28 U.S.C.
2 § 2201." (Doc. 17.) In this document, Movant seeks recusal of the Court and
3 reconsideration of the dismissal of his § 2255 motion as premature. To the extent that any
4 relief is sought in the Addendum, such relief will be denied.

**I.   Recusal Request**

Under federal law, a United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, a judge "shall disqualify himself" where he "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"[3] 28 U.S.C. § 455(b)(1). Recusal pursuant to § 455(b) is required only if the bias or prejudice stems from an *extra*-judicial source rather than from conduct or rulings during the course of the proceedings. See Hasbrouck v. Texaco, Inc., 842 F.2d 1034, 1046 (9th Cir. 1987), aff'd, 496 U.S. 543 (1990); United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986) (judge's prior adverse rulings are insufficient cause for recusal). "[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality motion." Liteky v. United States, 114 S.Ct. 1147, 1157 (1994). Adverse rulings should be appealed; they do not form the basis for a recusal motion. Further, where the judge forms opinions in the courtroom, either in the current proceeding or in a prior proceeding, these opinions "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

Movant fails to allege or show any basis for recusal under § 455 other than this Court's rulings in this and his criminal case. That is not a basis upon which the Court's impartiality might reasonably be questioned for purposes of § 455(a). Movant also has not alleged or shown that the Court has a personal bias or prejudice concerning Movant or other potential parties to this action or personal knowledge of disputed evidentiary facts concerning this proceeding. The Court therefore finds that recusal is not warranted pursuant to § 455.

---

[3] Other grounds for recusal, such as prior representation for or against a litigant, or financial interest in the subject matter, do not apply as to this case.

## II.     Reconsideration

Movant seeks reconsideration of the dismissal of his § 2255 motion as premature and other rulings in this civil and criminal case.  Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  A motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).  Rather, such arguments should be directed to the court of appeals.  Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

Movant in part seeks reconsideration on the grounds that the Court previously construed various motions filed by him as motions for reconsideration in the criminal case, Crim. Doc. 121, 126, 129, 130, 139, or the civil case, Doc. 7, 10, in violation of Castro v. United States, 540 U.S. 375 (2003).  Castro holds that when a district court recharacterizes a *pro se* litigant's filings *as a motion to vacate pursuant to 28 U.S.C. § 2255*, the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second and successive' motions, and provide the litigant an opportunity to withdraw the [filing] or to amend it so that it contains all the § 2255 claims he believes he has."  Castro, 540 U.S. at 383.  Castro does not apply to the construction of filings as motions for reconsideration.[4]  Accordingly, this affords no basis for reconsideration.

Movant otherwise essentially seeks to challenge the dismissal of his § 2255 motion as premature while his appeal is pending.  Movant asserts that extraordinary grounds make this Court's reconsideration of that dismissal appropriate. Movant is mistaken.  As the Court previously stated, and as is still the case, his § 2255 motion was premature and such motion

---

[4] Further, the second or successive bar will not apply to a new § 2255 motion filed by Movant where his first motion was dismissed as prematurely filed.

remains premature while his appeal is pending. Movant has not otherwise shown newly discovered evidence, that the Court committed clear error, that its previous decision was manifestly unjust, or that there has been an intervening change in controlling law in connection with those orders. To the extent that Movant seeks any relief in his Addendum, such relief will be denied.

**IT IS ORDERED** that to the extent that any relief is sought in Movant's Addendum, doc. 17, such relief is **denied**.

DATED this 23rd day of May, 2011.

David G. Campbell
United States District Judge

- 4 -